# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSAIN D. VAHIDALLAH,<br><br>                      Plaintiff,<br>vs.<br><br>SAN DIEGO HOUSING COMMISSION, RIGO URIBE, doing business as STRONG ARM CONSTRUCTION,<br><br>                      Defendants. | CASE NO. 07 CV 0371 JM (CAB)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF PROCESS** |

       On February 27, 2007, Plaintiff, a non-prisoner proceeding pro se, filed this § 1981 action with supplemental state claims against Defendants. Plaintiff also filed a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. See Docket No 2. On March 5, 2007, the court denied IFP status on the ground that Plaintiff had not specified in his affidavit the amounts he receives in Social Security payments and other disability benefits, and because Plaintiff did not indicate the specific balance in his checking account. On April 13, 2007, Plaintiff filed an amended complaint, which added San Diego Housing Commission as a defendant.[1] On May 2, 2007, nunc pro tunc to April 30, 2007, Plaintiff filed additional pleadings, which the court now construes as a renewed motion to proceed IFP. See Docket No. 11. Attached to these pleadings

---

[1] Plaintiff's original complaint named only Rigo Uribe as defendant.

were documents showing that Plaintiff's checking account, as of April 17, 2007, has a negative balance. Therefore, the court concludes that Plaintiff is poor enough to prosecute this civil action without prepayment of fees or security.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), however, the court may sua sponte dismiss the action if the complaint fails to state a claim upon which relief may be granted. The complaint, to the extent it can be understood, arises out of the defendants' alleged promise to provide a loan for the construction and rehabilitation of Plaintiff's home. Plaintiff alleges, among other things, that he suffered from unlawful discrimination when an agent of defendant San Diego Housing Commission denied Plaintiff the aforementioned loan on the basis of Plaintiff's sex. The Fourteenth Amendment prohibits sex-based discrimination by state actors. United States v. Virginia, 518 U.S. 515, 531 (1996). Construing the complaint liberally in favor of plaintiff, Maleng v. Cook, 490 U.S. 488, 493 (1989), the court finds that Plaintiff has stated a claim upon which relief can be granted.

Plaintiff also requests appointment of counsel. There is no constitutional right to appointed counsel in a civil action. Lassiter v. Dept. of Social Servs., 452 U.S. 18, 25 (1981). District courts, however, have discretion to appoint counsel for an indigent plaintiff. 28 U.S.C. § 1915(e)(1); Aldabe v. Aldabe, 616 F.2d 1089,1093 (9th Cir. 1980). The court may appoint counsel under section 1915(e)(1) only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). In evaluating whether a particular case is "exceptional," the court must consider both "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. Although the court has serious concerns as to whether Plaintiff will be able to intelligently articulate his claims in further pleadings, the court also finds that the likelihood of success on the merits is questionable. Therefore, this case presents no

1 | exceptional circumstances warranting appointment of counsel.  Accordingly, the request
2 | for appointment of counsel is **DENIED.**
3 |       In conclusion, the motion to proceed IFP is **GRANTED.**  The United States
4 | Marshal shall serve a copy of the amended complaint, see Docket No. 6, summons and
5 | this order granting Plaintiff leave to proceed in forma pauperis upon Defendants as
6 | directed by plaintiff on U.S. Marshal Form 285.  All costs of service shall be advanced
7 | by the United States.
8 |       **IT IS SO ORDERED.**
9 | DATED:  May 14, 2007

Hon. Jeffrey T. Miller
United States District Judge

12 | cc:    All Parties
          United States Marshals Service