# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSAIN D. VAHIDALLAH,<br><br>                    Plaintiff,<br>  vs.<br><br>STRONG ARM CONSTRUCTION<br>(MR. RIGO URIBE), et al.,<br>                    Defendants. | CASE NO. 07cv0371 JM(CAB)<br><br>ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND |

Defendants San Diego Housing Commission ("Housing Commission") and Juan Galvan (erroneously sued as John Galvin) move for judgment on the pleadings pursuant to Rule 12(c) and for dismissal of the complaint pursuant to Rule 12(b). Plaintiff opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion for judgment on the pleadings is denied and the motion to dismiss based upon failure to state a federal claim is granted with 30 days leave to amend from the date of entry of this order.

## BACKGROUND

At the outset, the court notes that Plaintiff's complaint is difficult to decipher. The caption of the complaint indicates that Plaintiff is seeking damages for breach of contract, emotional distress, and discrimination. Only Strong Arm Construction is named as a defendant in the caption. In broad brush, Plaintiff is a low income disabled individual who qualified for the Zero Percent Deferred Payment Loan Program offered by the San Diego Housing Commission. (Compl. p.2:8-12). Plaintiff receives disability payments from the Social Security Administration and is allegedly disabled within

1  the meaning of the Americans with Disabilities Act. (Compl. at p.4:11-14).

2  It appears that Defendant Strong Arm Construction is the contractor hired to complete the repairs on Plaintiff's home and that Defendant Rigo Uribe is employed by Strong Arm Construction. Purported Defendant John Galvan is an employee of the Housing Commission. Plaintiff alleges that he was discriminated against due to his "race and national origin of Iran." (Compl. at p.2: 2). Plaintiff further alleges that the "defendants all are Spanish with my respects to all Spanish people, discriminated to me due to my race and national origin." (Compl. at p.2:22-23). Plaintiff alleges that defendants did not timely complete the repairs (Compl. 15) and acted "arbitrarily, capriciously, and under color of state law, [when they] denied plaintiffs Right to fix his house." (Compl. at p.2:20).

Plaintiff also alleges defects, or other issues, with respect to the bathroom sink faucet, bathroom sink shelf, bathroom supply lines, garbage disposal, ceramic tile, and roof. (Compl. at p.3). Plaintiff alleges that Galvan "harassed" him with claims for more money. (Compl. at p.6:3-5). Plaintiff further alleges that Strong Arm Construction placed a mechanics lien on his home. (Compl. at p.7:16-17). Plaintiff seeks $200,000 in damages.

Moving Defendants Housing Commission and Galvan seek dismissal of the complaint for lack of subject matter jurisdiction, failure to state a claim, and insufficient service of process.

**DISCUSSION**

**The Rule 12(c) Motion for Judgment on the Pleadings**

Rule 12(c) provides that "After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). The court concludes that Rule 12(c) relief is not available to Moving Defendants because the pleadings are not closed in this case.[1] No Defendant has yet to answer the complaint as required by Fed.R.Civ.P. 7. Consequently, Rule 12(c) relief is not presently available. See In re Villegas, 132 B.R. 742, 744-45 (9th Cir. 1991). This is not fatal to Moving Defendants' motion as the court will analyze the claims under essentially the same standards provided by Rule 12(b). See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).

---

[1] The court notes that Moving Defendants move for judgment on the pleadings yet erroneously cite Rule 12(b), and not Rule 12(c), as the controlling rule.

In sum, the Rule 12(c) motion is denied as prematurely filed.

**The Rule 12(b) Motion to Dismiss**

<u>Legal Standards</u>

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. <u>United States v. Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). Courts should not dismiss a complaint "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle [the party] to relief." <u>Moore v. City of Costa Mesa</u>, 886 F.2d 260, 262 (9th Cir. 1989) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)), <u>cert. denied</u>, 496 U.S. 906 (1990). Courts must construe the complaint in the light most favorable to the plaintiff. <u>See</u> <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. <u>See</u> <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992).

Where a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621 at 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." <u>Ivey v. Board of Regents of the University of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." <u>Id.</u>; <u>see also</u> <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under section 1983.) "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." <u>Jones</u>, 733 F.2d at 649 (internal quotation omitted).

/ / /

/ / /

<u>Subject Matter Jurisdiction</u>

Moving Defendants first argue that this court lacks subject matter jurisdiction over the complaint because Plaintiff fails to identify any cognizable federal claim as required by 28 U.S.C. §1331.  Here, the complaint identifies the Civil Rights Act and the Americans with Disabilities Act as purporting to provide the mechanism for federal subject matter jurisdiction.

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must demonstrate that (1) the action complained of occurred "under color of law," and (2) the action resulted in a deprivation of a constitutional right or a federal statutory right.  <u>Azer v. Connell</u>, 306 F.3d 930, 935 (9th Cir. 2002); <u>McDade v. West</u>, 223 F.3d 1135, 1139 (9th Cir.2000) (citing Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), <u>overruled on other grounds by</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31(1986)).  Here, Plaintiff alleges that Moving Defendants acted under color of law yet fails to adequately articulate the deprivation of any constitutional or federal statutory right.  Plaintiff sets forth conclusory allegations that he was discriminated against because of his national origin yet fails to allege how this is so.  Such conclusory allegations fail to state a claim for violation of §1983.  <u>See</u> <u>Jones</u>, 733 F.2d at 649 (conclusory allegations unsupported by facts are insufficient to state a claim under section 1983).  In large part the focus of the complaint centers on allegations that Strong Arm Construction breached the construction contract by providing shoddy workmanship, failing to timely complete the repairs, and by filing a mechanics lien on Plaintiff's property.  The failure to comply with the terms of a construction contract, without more, fails to state a claim under the 42 U.S.C. §1983.  Consequently, the motion to dismiss is granted for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

In order to state a claim under Title II of the ADA, the plaintiff must allege (1) plaintiff is an individual with a disability; (2) plaintiff is otherwise qualified to participate or receive the benefit of a public entity's services, programs or activities; (3) plaintiff was either excluded from participation in or denied the benefits of the public entity's services; and (4) such denial of benefits was because of plaintiff's disability.  <u>Weinreich v. L.A. County Metro. Transp. Auth.</u>, 114 F.3d 976, 978 (9th Cir. 1997).  Here, Plaintiff fails to state a claim under the ADA.  Plaintiff alleges that he did in fact obtain the sought after benefits from the Housing Commission.  Moreover, it is unclear from the complaint

1  whether any alleged violation of ADA (whatever that may be) was on account of the alleged disability.
2  Under these circumstances, the complaint fails to provide Moving Defendants with sufficient notice
3  of the claims against them such that they can provide an adequate answer.  See Fecht v. Price, Co.,
4  70 F.3d 1078, 1082 (9th Cir. 1995).  Conclusory allegations are insufficient to state a claim under the
5  ADA.

6  For the above stated reasons, the court grants Moving Defendants' motion to dismiss for
7  failure to state a claim.  As the court cannot conclude that there are no circumstances under which
8  Plaintiff can state a claim, the court grants Plaintiff 30 days leave to amend from the date of entry of
9  this order.  Should Plaintiff file an amended complaint he is instructed to comply with the Federal
10 Rules of Civil Procedure.  Any amended complaint must identify all Defendants in the caption of the
11 complaint and provide a short and plain statement of his claims as required by Fed.R.Civ.P. 8.

12 In sum, the court denies the motion for judgment on the pleadings, grants the motion to dismiss
13 for failure to state a claim, and grants Plaintiff 30 days leave to amend from the date of entry of this
14 order.

15 **IT IS SO ORDERED.**

16 DATED:  June 18, 2007

17                                                                                      _____
                                                                                        Hon. Jeffrey T. Miller
18                                                                                      United States District Judge

19 cc:      All Parties