UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| HUSSAIN D. VAHIDALLAH, | CASE NO. 07 CV 0371 JM (CAB) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE AND GRANTING LEAVE TO AMEND** |
| vs. | |
| SAN DIEGO HOUSING COMMISSION, et al., | |
| Defendants. | |

Defendants San Diego Housing Commission and Juan Galvan move to dismiss the second amended complaint ("SAC") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Plaintiff filed an untimely opposition to the motion on February 19, 2008. The court finds this motion appropriate for submission without oral argument. See Civ. L.R. 7.1(d)(1). For the reasons set forth below, the court **GRANTS** the motion to dismiss without prejudice for failure to state a claim, and **GRANTS** leave to amend.

**I.     BACKGROUND**

Plaintiff is a low-income disabled individual who qualified for the Zero Percent Deferred Payment Loan Program offered by defendant San Diego Housing Commission ("SDHC"). (Mot. to Dismiss at 1-2.) He receives Social Security disability payments and is allegedly disabled within the meaning of the Americans with Disabilities Act. (SAC at 13.) Defendants note that Plaintiff is a state-designated vexatious litigant. (Mot. to Dismiss at 2.)

Plaintiff hired Defendant Rigo Uribe, a general contractor doing business as defendant Strong Arm Construction, to complete the repairs on Plaintiff's home.[1]  (Id. at 2.)  Defendants Galvan and Ballow are employees of SDHC.  (Id. at 1.)  This case arises out of Defendants' alleged failure to finish repairs on Plaintiff's house.

Plaintiff filed his original complaint on February 27, 2007.  On June 19, 2007, the court granted Defendants' motion to dismiss the original complaint for failure to state a claim.  (Doc. no. 30.)  The court gave Plaintiff 30 days to amend his complaint.  On July 24, 2007, nunc pro tunc to July 13, 2007, Plaintiff filed a first amended complaint ("FAC").  (See Doc. no. 32.)  On October 29, 2007, the court granted Defendants' motion to dismiss the FAC for failure to state claim, and gave Plaintiff 30 days' leave to amend.  (Doc. no. 41.)  Plaintiff requested a 15-day extension of time to file an amended complaint, which the court granted on November 30, 2007.  (Doc. no. 45.)  Plaintiff then filed the SAC on December 27, 2007.  (See Doc. no. 47 (entitled "Motion for Third Amended [Complaint]").)  Despite Plaintiff's failure to comply with the extended deadline, the court deems the SAC timely filed.

The title of the SAC indicates that Plaintiff seeks damages for misrepresentation and deceit, breach of contract, conspiracy, emotional distress, discrimination, sexual harassment, violation of 42 U.S.C. § 1983, and possibly violation of the Americans with Disabilities Act ("ADA").  In the body of the SAC Plaintiff also appears to allege a violation of the Rehabilitation Act.  Many of these claims arise under state law.  Federal jurisdiction, if any, must be premised on the existence of a federal question because diversity of citizenship does not exist.  Plaintiff seeks $1,002,000 in punitive damages.  (SAC at 45.)

In their motion, Defendants seek dismissal of the complaint for (1) failure to follow mandatory claim filing procedures under the California Tort Claims Act and (2) failure to state a claim.

**II.    DISCUSSION**

    **A.    Legal Standards**

Rule 12(b)(6) dismissal is proper only in "extraordinary" cases.  United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  In evaluating a 12(b)(6) motion, the court must accept the

---

[1] Uribe and Strong Arm Construction have not joined in the motion to dismiss.

1  complaint's allegations as true and construe them in the light most favorable to Plaintiff. See, e.g.,
2  Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). The
3  complaint's "factual allegations must be enough to raise a right to relief above the speculative level
4  . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (U.S. May 21, 2007) (allegations must
5  provide "plausible grounds to infer" that plaintiff is entitled to relief). The court should grant 12(b)(6)
6  relief only where the complaint lacks either a "cognizable legal theory" or facts sufficient to support
7  a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In
8  testing the complaint's legal adequacy, the court may consider material properly submitted as part of
9  the complaint or subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).
10       Where a plaintiff in a civil rights case appears in propia persona, the court must construe the
11  pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panaki v. Los Angeles
12  Police Dept., 839 F.2d 621, 623 (9th Cir. 1998). The rule of liberal construction is "particularly
13  important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).
14  Nevertheless, the court may not "supply essential elements of claims that were not initially pled."
15  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). A complaint's
16  "[v]ague and conclusory allegations of official participation in civil rights violations" will not survive
17  a motion to dismiss. Id.; see also Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984)
18  (conclusory allegations unsupported by facts are insufficient to state claim under § 1983). Instead,
19  "[t]he plaintiff must allege with at least some degree of particularity overt acts which defendants
20  engaged in that support the plaintiff's claim." Id. at 649 (internal quotation omitted).

21      **B.**    **Analysis**
22          **1.**    **Federal Claims**
23              **a.**    **Violation of 42 U.S.C. § 1983**

24  The SAC fails to cure the defects contained in the original complaint's § 1983 claim.
25       To establish a prima facie case under § 1983, Plaintiff must demonstrate (1) the action
26  complained of occurred "under color of law," and (2) the action resulted in a deprivation of a
27  constitutional right or a federal statutory right. Azer v. Connell, 306 F.3d 930, 935 (9th Cir. 2002)
28  (citing McDade v. West, 223 F.3d 1135, 1139 (9th Cir. 2000)).

Defendants concede that Plaintiff alleges they acted under color of law. (Mot. to Dismiss at 6.) They argue that Plaintiff's § 1983 claim fails on the second prong because his allegations of discrimination are conclusory and are not supported by any allegations of fact. (Id. at 6-7.)

In the order dismissing the FAC, the court found that Plaintiff appeared to allege that Defendants violated § 1983 in two ways: (1) by depriving him of the statutory rights provided by § 1981[2]; and (2) by discriminating against Plaintiff due to his disability, which deprived Plaintiff of his rights under the ADA.[3] The court held:

> As in the first complaint, Plaintiff fails to allege adequately that Defendants took action resulting in a deprivation of a constitutional or federal statutory right. Plaintiff sets forth only conclusory allegations of discrimination violating § 1981 and the ADA. He fails to allege any facts showing <u>how</u> the discrimination entered into any of Defendants' actions or decisions. These conclusory allegations thus do not state a claim for violation of § 1983 because they are not supported by facts. See Jones v. Cmty. Redev. Agency, 733 F.2d at 649.

(Order Dismissing FAC at 5.) The SAC fails to remedy these deficiencies.

Plaintiff again appears to allege that Defendants violated § 1983 by discriminating against him based on his race, in violation of § 1981, and his disability, in violation of the ADA. (See, e.g., SAC at 12 ("Plaintiff entirely clear defendant discriminations claims are based upon (1) the alleged failure to provide special accommodations under the [ADA]; and (2) the denial of equal rights on account of Plaintiff race in violation of 42 U.S.C. § 1981."), 11 (referring to Plaintiff's Iranian national origin).) Plaintiff has also added several new allegations. For instance, he alleges that, because of his race, Plaintiff "has been deprived of the right to [b]id on government contracts." (SAC at 3.) He also alleges that the SDHC and Strong Arm Construction employees "participated in . . . section 1983 violations by making false statements concerning plaintiff's performance on the public improvements

---

[2] 42 U.S.C. § 1981 provides, in pertinent part: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). Furthermore, "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). The rights protected by § 1981 "are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c).

[3] The FAC did not clarify whether Plaintiff's ADA-related allegations were a component of his § 1983 claim or support a stand-alone ADA claim. In the SAC, Plaintiff appears to explain that he intends both. (See SAC at 3 ("Plaintiff's ADA-related allegations are a component of § 1983 claims and support a stand-alone ADA claims.").)

contracts." (SAC at 7.) As in the FAC, Plaintiff's allegations are conclusory and do not provide factual support for his claim that Defendants violated his rights under § 1981 or the ADA. He also fails to connect the factual allegations – for instance, his claims that Defendants breached the construction contract by failing to complete the repairs and demanding additional money, filing a mechanic's lien on Plaintiff's house, and pressuring Plaintiff to participate in arbitration before the American Arbitration Association (SAC at 3) – with his allegations of discrimination. In short, Plaintiff does not put Defendants on sufficient notice of the claims against them.

In the order dismissing the FAC, the court also noted that the FAC did "not make clear the role of Plaintiff's allegations related to sex or sexual harassment." (Order Dismissing FAC at 6 n.4.) The SAC includes many new and repetitive references to sex and sexual harassment. For example, Plaintiff claims that defendant Galvan "threatened for sex and $ 5000/cash and he could not get either of them" (SAC at 4); "[Strong Arm Construction] and SDHC understood no sex no money (Defendant asked many time)" (id. at 5); and "Galvan came to my house 4 to 4.30 keep talking asking sex or $ 5000 cash if not case it will close you" (id. at 29). Plaintiff also refers several times to alleged conversations with Galvan about sex and an incident in which Galvan or another individual allegedly performed a sexual act in Defendant's bathroom. (See, e.g., SAC at 5-6, 34.) To state a claim under § 1983, Plaintiff must allege that these actions resulted in deprivation of a constitutional or federal statutory right. See Azer, 306 F.3d at 935. Plaintiff indicates that the actions relate to a violation of § 1981 (see SAC at 14), but § 1981 pertains only to discrimination based on race. See Jones v. Bechtel, 788 F.2d 571, 574 (9th Cir. 1986). Furthermore, because of the confusing and incomplete nature of the allegations, Plaintiff fails to suggest another constitutional or federal statutory right that Defendants may have violated. The court therefore holds that Plaintiff has not stated a viable § 1983 claim related to sex or sexual harassment.

In sum, the complaint fails to state a claim for violation of § 1983.

### b. Violation of the Americans with Disabilities Act and the Rehabilitation Act

The SAC also fails to cure the defects contained in the FAC's ADA claim and fails to state a cognizable claim under the Rehabilitation Act.

1   To state a claim under Title II of the ADA, a plaintiff must allege the following: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefits of the public entity's services, programs or activities; (3) the plaintiff "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"; and (4) "such exclusion, denial of benefits, or discrimination" resulted solely from plaintiff's disability. Weinreich v. L.A. County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).

Likewise, to state a claim under the Rehabilitation Act, 42 U.S.C. § 504, a plaintiff must allege the following: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to receive the benefit; (3) the plaintiff was denied the benefits of the program solely because of the plaintiff's disability; and (4) the program receives federal financial aid. Weinreich, 114 F.3d at 978 (citing 29 U.S.C. § 794).

In the order dismissing the FAC, the court held:

> Plaintiff's ADA claim fails because it does not allege that his disability was the cause of any identifiable exclusion, denial of benefits, or discrimination. He merely states, "The plaintiff's denial was for many reasons, one of them was disability." (FAC at 3.) The FAC sheds no light on the nature of the "denial" referred to in this passage. The FAC thus fails to afford Defendants fair notice of the claims against them. See Bell Atlantic, 127 S.Ct. at 1964.

(Order Dismissing FAC at 6.) Plaintiff fails to remedy this problem in the SAC in the context of both his ADA and Rehabilitation Act claims. Plaintiff alleges that Defendants excluded him from participation in and denied him the benefit of public services, programs, and activities. (See SAC at 13.) Plaintiff does not allege facts showing a causal connection between his disability and the alleged denial of benefits. Nor does he allege that the denial of benefits resulted solely from his disability. See Weinreich, 114 F.3d at 978. Instead, throughout his complaint he appears to allege that the denial of SDHC benefits related somehow to Galvan's alleged demand for sex or cash. (See, e.g., SAC at 13.) This does not satisfy the pleading requirements for the ADA or the Rehabilitation Act.

In sum, the SAC fails to state a claim for violation of the ADA or the Rehabilitation Act.

      **c.**     **Violation of Title VII of the 1964 Civil Rights Act**

Plaintiff also asserts a claim for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964. (See SAC at 29, 31, 41.) Under 42 U.S.C. § 2000e-2(a)(1), cited by Plaintiff, an employer may not "fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" Because Plaintiff does not allege that he is an employee of any Defendant, as in the FAC, Plaintiff fails to state a claim for discrimination under Title VII.

### d. Violation of 42 U.S.C. §§ 1985 and 1986

The SAC also fails to state a claim for violation of §§ 1985 and 1986.

Section 1985 prohibits, inter alia, conspiracy "for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws[.]" 42 U.S.C. § 1985(3). To state a claim for violation of § 1985(3), a plaintiff must allege four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992). The second element additionally requires that a plaintiff "demonstrate a deprivation of that right motved by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" Id. (quoting Griffith v. Breckenridge, 403 U.S. 88, 102 (1971)).

Here, Plaintiff's allegations related to a conspiracy are wholly conclusory. He claims only that "these SDHC & [Strong Arm Construction] employees participated in the alleged conspiracy . . . by making false statements concerning plaintiff's performance on the public improvement contracts." (SAC at 31.) Plaintiff fails to allege any other specific facts in support of his claim of conspiracy. He thus fails to satisfy the second, third, and fourth elements required to state a claim under § 1985(3).

Plaintiff also alleges a violation of 42 U.S.C. § 1986. "Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) (citation

1  omitted). A plaintiff can only state a claim under § 1986 if the plaintiff alleges a valid claim under
2  § 1985. Id. Because Plaintiff fails to allege a valid § 1985 claim, his attempt to allege a violation of
3  § 1986 fails.

4  The court therefore holds that Plaintiff fails to state a claim under §§ 1985 and 1986.

### 3. State-Law Claims

6  Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot
7  proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the
8  only function remaining to the court is that of announcing the fact and dismissing the cause." Steel
9  Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S.
10 (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). Accordingly, federal courts are under a continuing duty to
11 confirm their jurisdictional power and are even "obliged to inquire *sua sponte* whenever a doubt arises
12 as to [its] existence. . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977)
13 (citations omitted).

14 Because the complaint fails to state any federal claims, the court lacks subject matter
15 jurisdiction. The court therefore declines to exercise supplemental jurisdiction and does not reach
16 Plaintiff's state law claims.[4]

## III. CONCLUSION

18 Based on the foregoing, the court hereby grants Defendants' motion to dismiss the complaint
19 without prejudice for failure to state a claim. As the court cannot conclude that Plaintiff will not be
20 able to "raise a right to relief above the speculative level," Bell Atlantic Corp., 127 S.Ct. at 1965, the
21 court grants Plaintiff 30 days' leave to amend from the date of entry of this order. Should Plaintiff
22 file a third amended complaint he is instructed to comply with the Federal Rules of Civil Procedure.
23 Any amended complaint must provide a **short and plain statement** of his claims as required by FRCP
24 Rule 8. Failure to do so may lead to dismissal.

25 //

---

27  [4]Accordingly, the court will not evaluate Defendants' 12(b)(6) challenge based on Plaintiff's
28 state-law claims for misrepresentation and deceit, conspiracy, sexual harassment, breach of contract, or infliction of emotional distress. The court also will not address whether Plaintiff satisfied the mandatory claim filing procedures required by the California Tort Claims Act.

1  //
2  //
3  //
4        In sum, the court dismisses the complaint without prejudice for failure to state a claim and
5  grants Plaintiff 30 days' leave to amend from the date of entry of this order.
6        **IT IS SO ORDERED.**
7  **DATED:  April 7, 2008**

       Hon. Jeffrey T. Miller
       United States District Judge