UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| HUSSAIN D. VAHIDALLAH, | CASE NO. 07 CV 0371 JM (CAB) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE** |
| vs. | |
| SAN DIEGO HOUSING COMMISSION, et al., | |
| Defendants. | |

Defendants move to dismiss the third amended complaint ("TAC") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Plaintiff filed no opposition. The court finds this motion appropriate for submission without oral argument. See Civ. L.R. 7.1(d)(1). For the reasons set forth below, the court **GRANTS** the motion to dismiss with prejudice for failure to state a claim.

I.   **BACKGROUND**

Plaintiff is a low-income disabled individual who qualified for the Zero Percent Deferred Payment Loan Program offered by defendant San Diego Housing Commission ("SDHC"). (Mot. to Dismiss at 2.) He receives Social Security disability payments and is allegedly disabled within the meaning of the Americans with Disabilities Act. (TAC at 8.) Defendants note that Plaintiff is a state-designated vexatious litigant. (Mot. to Dismiss at 2.)

Plaintiff hired Defendant Rigo Uribe, a general contractor doing business as defendant Strong Arm Construction, to complete the repairs on Plaintiff's home. (See id. at 3.) Defendants Galvan and

1  Ballow are employees of SDHC.  (Id. at 2.)  This case arises out of Defendants' alleged failure to
2  finish repairs on Plaintiff's house.

3  Plaintiff filed his original complaint on February 27, 2007.  On June 19, 2007, the court
4  granted Defendants' motion to dismiss the original complaint for failure to state a claim.  (Doc. no.
5  30.)  The court gave Plaintiff 30 days to amend his complaint.  On July 24, 2007, nunc pro tunc to July
6  13, 2007, Plaintiff filed a first amended complaint ("FAC").  (See Doc. no. 32.)  On October 29, 2007,
7  the court granted Defendants' motion to dismiss the FAC for failure to state claim, and gave Plaintiff
8  30 days' leave to amend.  (Doc. no. 41.)  Plaintiff requested a 15-day extension of time to file an
9  amended complaint, which the court granted on November 30, 2007.  (Doc. no. 45.)  Plaintiff then
10  filed a second amended complaint ("SAC") on December 27, 2007.  (See Doc. no. 47 (entitled
11  "Motion for Third Amended [Complaint]").)  On April 7, 2008, the court granted Defendants SDHC
12  and Galvan's motion to dismiss the SAC for failure to state a claim, and gave Plaintiff 30 days' leave
13  to amend.  (Doc. no. 53.)  Plaintiff filed the TAC on May 9, 2008, nunc pro tunc to May 6, 2008.

14  The title of the TAC indicates that Plaintiff seeks damages for misrepresentation and deceit,
15  breach of contract, conspiracy, emotional distress, discrimination, sexual harassment, and violation
16  of 42 U.S.C. §§ 1983 and 1981.  In the body of the TAC Plaintiff also appears to allege a violation of
17  the Americans with Disabilities Act ("ADA") and Rehabilitation Act.  Many of these claims arise
18  under state law.  Federal jurisdiction, if any, must be premised on the existence of a federal question
19  because diversity of citizenship does not exist.  (TAC at 48.)  The TAC largely consists of sections
20  of statutes, treatises and cases that Plaintiff appears to have copied and pasted into his complaint.
21  Plaintiff has not included most of the arguably case-specific allegations from his previous complaints.

22  In their motion, Defendants seek dismissal of the complaint for (1) failure to follow mandatory
23  claim filing procedures under the California Tort Claims Act and (2) failure to state a claim.
24  Defendants request dismissal with prejudice for failure to comply with FRCP 8 and Local Rule 83.1.

25  **II.    DISCUSSION**

26  **A.    Legal Standards**

27  Rule 12(b)(6) dismissal is proper only in "extraordinary" cases.  United States v. Redwood
28  City, 640 F.2d 963, 966 (9th Cir. 1981).  In evaluating a 12(b)(6) motion, the court must accept the

1  complaint's allegations as true and construe them in the light most favorable to Plaintiff. See, e.g.,
2  Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). The
3  complaint's "factual allegations must be enough to raise a right to relief above the speculative level
4  . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (U.S. May 21, 2007) (allegations must
5  provide "plausible grounds to infer" that plaintiff is entitled to relief). The court should grant 12(b)(6)
6  relief only where the complaint lacks either a "cognizable legal theory" or facts sufficient to support
7  a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In
8  testing the complaint's legal adequacy, the court may consider material properly submitted as part of
9  the complaint or subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).

10  Where a plaintiff in a civil rights case appears in propia persona, the court must construe the
11  pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panaki v. Los Angeles
12  Police Dept., 839 F.2d 621, 623 (9th Cir. 1998). The rule of liberal construction is "particularly
13  important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).
14  Nevertheless, the court may not "supply essential elements of claims that were not initially pled."
15  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). A complaint's
16  "[v]ague and conclusory allegations of official participation in civil rights violations" will not survive
17  a motion to dismiss. Id.; see also Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984)
18  (conclusory allegations unsupported by facts are insufficient to state claim under § 1983). Instead,
19  "[t]he plaintiff must allege with at least some degree of particularity overt acts which defendants
20  engaged in that support the plaintiff's claim." Id. at 649 (internal quotation omitted).

21      **B.**    **Analysis**
22          **1.**    **Federal Claims**
23              **a.**    **Violation of 42 U.S.C. §§ 1983 and 1981**

24  The TAC fails to cure the defects contained in the earlier complaints' § 1983 claims and does
25  not state a viable claim under § 1981.

26  To establish a prima facie case under § 1983, Plaintiff must demonstrate (1) the action
27  complained of occurred "under color of law," and (2) the action resulted in a deprivation of a
28  constitutional right or a federal statutory right. Azer v. Connell, 306 F.3d 930, 935 (9th Cir. 2002)

1  (citing McDade v. West, 223 F.3d 1135, 1139 (9th Cir. 2000)).  Defendants argue that Plaintiff's §
2  1983 claim fails on the second prong because his allegations of discrimination are conclusory and are
3  not supported by any allegations of fact.  (Mot. to Dismiss at 8.)

4  In the orders dismissing the FAC and SAC, the court found that Plaintiff appeared to allege
5  that Defendants violated § 1983 in several ways: (1) by depriving him of the statutory rights provided
6  by § 1981[1];(2) by discriminating against Plaintiff due to his disability, which deprived Plaintiff of his
7  rights under the ADA[2]; (3) by depriving him of the right to bid on government contracts as a result
8  of his race; (4) by making false statements regarding Plaintiff's performance on public improvement
9  contracts; and (5) by conduct relating to sex or constituting sexual harassment.  The court held that
10 Plaintiff's allegations were conclusory and did not provide factual support for his § 1983 claim.

11 The TAC fails to remedy these deficiencies.  Plaintiff appears to have removed allegations
12 related to his race.  Thus, Plaintiff fails to allege a violation of § 1981 as either a § 1983 predicate or
13 an independent claim.  The only allegations arguably related to the § 1983 claim are highly conclusory
14 and contain no factual support.  Specifically, Plaintiff states: "I explain ADA claim and Title 42 §
15 1983 it is a component claim and support my case.  Plaintiff alleges: Defendant violated my rights
16 under Title 42 § 1981 and ADA" (TAC at 7); and "defendant's denial was for many reasons, one of
17 them was disability, and denial of benefits resulting solely from his disability" (id. at 8).  Furthermore,
18 Plaintiff's confusing and incomplete allegation that "Denial of SDHC benefits related to Mr. Galvan
19 asking $5000 cash and sex" (id.) does not allege actions resulting in deprivation of a constitutional
20 or federal statutory right.  See Azer, 306 F.3d at 935.

21 The court therefore concludes that the TAC fails to state a claim for violation of §§ 1983 and
22 1981.

---

[1] 42 U.S.C. § 1981 provides, in pertinent part: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ."  42 U.S.C. § 1981(a).  Furthermore, "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1981(b).  The rights protected by § 1981 "are protected against impairment by nongovernmental discrimination and impairment under color of State law."  42 U.S.C. § 1981(c).  Plaintiff does not clarify whether he intends to allege a separate violation of § 1981.

[2] Plaintiff's ADA-related allegations appear both to be a component of his § 1983 claim and to support a stand-alone ADA claim.

### b. Violation of the Americans with Disabilities Act and the Rehabilitation Act

The TAC also fails to cure the defects contained in the FAC's ADA claim and fails to state a cognizable claim under the Rehabilitation Act.

To state a claim under Title II of the ADA, a plaintiff must allege the following: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefits of the public entity's services, programs or activities; (3) the plaintiff "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"; and (4) "such exclusion, denial of benefits, or discrimination" resulted solely from plaintiff's disability. Weinreich v. L.A. County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).

Likewise, to state a claim under the Rehabilitation Act, 42 U.S.C. § 504, a plaintiff must allege the following: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to receive the benefit; (3) the plaintiff was denied the benefits of the program solely because of the plaintiff's disability; and (4) the program receives federal financial aid. Weinreich, 114 F.3d at 978 (citing 29 U.S.C. § 794).

As in the FAC and SAC, Plaintiff again fails to state a viable ADA or Rehabilitation Act claim. The TAC includes only the following conclusory allegations: "Plaintiff alleges facts and exhibits showing a causal condition between my disability and alleged denial of benefits"; and "defendant's denial was for many reasons, one of them was disability, and denial of benefits resulting solely from his disability. . . . Denial of SDHC benefits related to Mr. Galvan asking $5000 cash and sex." (TAC at 8.) Plaintiff again has not alleged facts showing a causal connection between his disability and the alleged denial of benefits. This does not satisfy the pleading requirements for the ADA or the Rehabilitation Act.

The court therefore concludes that the TAC fails to state a claim for violation of the ADA or the Rehabilitation Act.

//
//

### c. Violation of Title VII of the 1964 Civil Rights Act

Finally, Plaintiff also fails to assert a viable claim for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964. Under 42 U.S.C. § 2000e-2(a)(1), an employer may not "fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" Because Plaintiff does not allege that he is an employee of any Defendant, as in the FAC and SAC, Plaintiff fails to state a claim for discrimination under Title VII.

### 3. State-Law Claims

Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are even "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence. . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted).

Because the complaint fails to state any federal claims, the court lacks subject matter jurisdiction. The court therefore declines to exercise supplemental jurisdiction and does not reach Plaintiff's state law claims.[3]

### III. CONCLUSION

Based on the foregoing, the court hereby **GRANTS** Defendants' motion to dismiss the complaint for failure to state a claim. Plaintiff has now received three opportunities to amend his complaint to state a viable claim for relief. Despite his numerous chances, Plaintiff has failed not only to state a viable claim but also to state an intelligible claim. The court therefore concludes that Plaintiff will not be able to "raise a right to relief above the speculative level," Bell Atlantic Corp.,

---

[3] Accordingly, the court will not evaluate Defendants' 12(b)(6) challenge based on Plaintiff's state-law claims. The court also will not address whether Plaintiff satisfied the mandatory claim filing procedures required by the California Tort Claims Act.

1 | 127 S.Ct. at 1965, and dismisses the TAC **with prejudice**.[4]  The Clerk of Court is instructed to close the file.

In sum, the court dismisses the complaint with prejudice for failure to state a claim.

**IT IS SO ORDERED.**

**DATED:  July 28, 2008**

*(signature)*
**Hon. Jeffrey T. Miller
United States District Judge**

cc:        All parties

---

[4]Because FRCP 12(b)(6) provides for dismissal with prejudice, the court does not reach Defendants' request to sanction Plaintiff pursuant to FRCP 11.